IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Glenda Deaton, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 4:16-cv-2272-TLW |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Nancy A. Berryhill, Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Glenda Deaton brought this action pursuant to 42 U.S.C. §§ 405(g) to obtain judicial review of a final decision of the Defendant Commissioner of Social Security, denying her claims for disability insurance benefits (DIB) and supplemental security income (SSI). This matter is before the Court for review of the Report and Recommendation ("the Report") filed on January 3, 2018, by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) DSC. ECF No. 17. In the Report, the Magistrate Judge recommends affirming the Commissioner's decision. Plaintiff filed objections to the Report on January 17, 2018, ECF No. 19, and the Commissioner filed a reply, ECF No. 21. This matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the

1

final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the relevant case law, the Report, the objections, and all other relevant filings and memoranda. The Court notes that the additional medical evidence submitted by Plaintiff relates to evaluations of the Plaintiff's condition after the relevant time period. *See Ray v. Colvin*, No. 8:12-cv-3073-DCN, 2014 WL 3881077, at *10 (D.S.C. Aug. 6, 2014); *Shuman v. Berryhill*, Case No. 16-62, 2017 WL 5094968 (N.D. W.Va. May 24, 2017) (report and recommendation), overruled, 2017 WL 3476972 (N.D. W.Va. Aug. 14, 2017). The Court also notes that, even considering the new evidence presented by Plaintiff, the record as a whole does not reflect a basis for remand. *See* 20 C.F.R. § 404.970 and 416.1470; *Blalock v. Richardson*, 483 F.2d 773 (4th Cir. 1972). Therefore, it is **ORDERED** that the Report, ECF No. 17, is **ACCEPTED**, and Plaintiff's objections, ECF No. 19, are hereby **OVERRULED**. For the reasons articulated by the Magistrate Judge, the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

s/*Terry L. Wooten*_____
Terry L. Wooten
Chief United States District Judge

March 19, 2018
Columbia, South Carolina